## CHARLES WARNER, RESPONDENT, *v.* ALBERT H. PERRY, APPELLANT.

14h 337
63ad398

*Chapter 682 of 1866, chapter 375 of 1867 — relating to cruelty to animals — what constitutes an offence under.*

The plaintiff was arrested under a warrant issued by a justice of the peace, upon a complaint which stated that the deponent " saw a man on a peddler's cart, in said town, shoot at a dog of, and belonging to said Squire Perry, in said town ; that the said dog was hit in the neck, and he believes the said dog will die."

*Held,* that, as the complaint did not state, or contain any allegation from which the justice could infer, that the act of shooting was *malicious* or *needless,* no offense under the acts relating to cruelty to animals was made out.

That the complaint conferred no jurisdiction upon the justice to issue the warrant, and that he was liable to the plaintiff in an action for assault and false imprisonment.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

*Thomas Corlett,* for the appellant.

*A. C. Calkins,* for the respondent.

TALCOTT, P. J.:

This is an appeal from a judgment, rendered on the verdict of a jury at the Genesee Circuit. The action is for assault and false imprisonment, and for extorting from the defendant, under the name of a fine, the sum of fifteen dollars.

The defendant was a justice of the peace of the town of Darien, in Genesee county, and as such issued a warrant for the arrest of " a man on a peddler's cart." The plaintiff was arrested upon the warrant, in Wyoming county, upon an indorsement thereof by a justice of the peace of Wyoming county, authorizing the arrest, not of the plaintiff, but of the person upon whose complaint the warrant had been issued. The complaint upon which the defendant, as such justice, issued his warrant, was as follows, namely:

" GENESEE COUNTY, *ss.*:

" John Mohr, being duly sworn, says: That on the 15th day of July, 1875, he was at the house of Squire Perry, in the town of Darien, in said county, and he saw a man on a peddler's cart, in said town, shoot at a dog of, and belonging to, said Squire Perry, in said town; that the said dog was hit in the neck, and he believes· the said dog will die.

His

" JOHN  ✕  MOHR.

mark.

" Sworn before me, this 15th }
  day of July, 1875.    }

" A. H. PERRY, J. P."

The said justice thereupon issued his warrant, reciting that " Whereas, complaint on the oath of John Mohr has been made before the undersigned, a justice of the peace of the said town, that on the 15th day of July, 1875, at Darien, in said county, that he saw a man on a peddler's cart shoot a pistol at the dog of Squire Perry, in said town, and *that he believed he intended to kill said dog*," and proceeding to command the arrest of the said " man on the peddler's cart," and to bring him before the said justice, at his office, to answer to the matters contained in the said complaint, and to be further dealt with according to law. The plaintiff was arrested on the said warrant, and brought before

the said justice, who rendered a decision in the case in the following words:

" Be it remembered, that Charles Warner was brought before me, on a warrant issued by me, charged, upon the oath of John Mohr, with shooting with a pistol or gun at a dog, with intent to kill said dog; said prisoner, on being informed that he had a right to time to consult counsel, and that he had a right to decline to answer any questions, *plead guilty to shooting at the dog*, whereupon I did immediately fine the said Charles Warner fifteen dollars, which fine was immediately paid.

" ALBERT H. PERRY, *J. P.*"

In fact, it appears, from the testimony of the plaintiff and the defendant, that the former did not plead guilty to the said or any offense, but alleged that he was driving a high-spirited team along the highway, when the dog flew out and snapped at the heels of the team, and that he shot the dog, but claimed that he was justified in so doing. It appears that the dog was shot and wounded in the presence of the defendant, who was its owner.

The court at the Circuit charged the jury, among other things, that the said complaint (before the justice) neither stated nor charged any legal offense, and conferred no jurisdiction on the defendant to issue a warrant, and that the defendant was liable in this action for issuing said warrant, and by virtue thereof causing the plaintiff's arrest; and further, that facts sufficient to authorize the justice to consider and determine the sufficiency of the complaint were not stated therein, and that the justice had no jurisdiction to determine the sufficiency of said affidavit. To both branches of this charge the defendant's counsel excepted.

The defendant also presented several requests to charge, which were denied; but the questions presented by them were all involved in one or the other of the two propositions, which were charged as above stated. Whether the said charge was correct, involves an examination of the acts of the legislature in reference to cruelty to animals.

Chapter 682 of the Session Laws of 1866, page 1456, amends the Revised Statutes so as to read as follows " Every person who shall, by his act or neglect, *maliciously* kill, maim, wound,

injure, torture or cruelly beat any horse  *  *  *  or other animal belonging to himself, or another, shall, upon conviction, be adjudged guilty of a misdemeanor." Chapter 375 of the Session Laws of 1867, contains the following additional enactment, bearing upon the subject: "Section 1. If any person shall overdrive, overload, torture, torment, deprive of necessary sustenance or unnecessarily or cruelly beat, or *needlessly* mutilate or kill, or cause or procure to be overdriven, overloaded, tortured, tormented, or deprived of necessary sustenance, or to be unnecessarily or cruelly beaten, or needlessly mutilated or killed as aforesaid, any living creature, every such offender shall, for every such offense, be guilty of a misdemeanor."

Waiving the question, whether "a man on a peddler's cart" was a sufficient description of the plaintiff, in the absence of any allegation that the name of the person sought to be arrested was unknown, and could not be ascertained, it will be perceived that the complaint of John Mohr, upon which the warrant was issued, did not contain the language necessary to charge any offense against the law under either of the enactments above quoted.

Assuming that the statement that the "dog was hit in the neck" implied an allegation that the dog was so hit, by the discharge of the pistol, and that he was thereby mutilated, the complaint fails to contain any allegation from which the justice was authorized to infer that the act was *maliciously* or *needlessly* done. Such an allegation is necessary to constitute the offense described by the statute, and unless it be directly made, or facts stated from which the justice was authorized to infer that the act was *maliciously* or *needlessly* done, there was no complaint of any offense for which the justice was authorized to issue his warrant for the arrest of the plaintiff. The appearance of the plaintiff before the justice, under arrest, was no waiver of any defect in the complaint or warrant. It was compulsory; not voluntary. We think, therefore, that the judge, at the Circuit, was entirely correct in instructing the jury, that the complaint before the justice neither stated nor charged any legal offense, and conferred no jurisdiction on the defendant to issue a warrant; and, moreover, that there were no facts stated in the complaint which were suffi-

cient to authorize the defendant, as a justice of the peace, to determine that the complaint was sufficient.

It will be noticed that, in the warrant, the defendant asserted that Mohr had sworn that he believed the " man on the peddler's cart intended to kill said dog," whereas, Mohr only asserted that he believed " *the dog would die.*" But this mis-statement of the complaint did not meet the objections to its validity, which are noticed.

Present — TALCOTT P. J., SMITH and HARDIN, JJ.

Judgment affirmed.